UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KIMBERLY ANTHONY, | : | Hon. John Michael Vazquez, U.S.D.J |
| | : | Case No. 2:19-cv-17074-JMV-JBC |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| GAF – AASHNA CHOUDHARY, PATRICIA HENDERSON, ELIZABETH BREZINSKI, | : | **RETURN DATE: APRIL 6, 2020** |
| | : | |
| Defendants. | : | |

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
10 Madison Avenue, Suite 400
Morristown, New Jersey 07960
Tel:  (973) 656-1600
Fax:  (973) 656-1611
*Attorneys for Defendants*

On the Brief:

    Peter O. Hughes
    Valerie L. Weiss

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

BACKGROUND ..................................................................................................................... 2

ARGUMENT ........................................................................................................................... 2

    I.   PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS BECAUSE IT FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED UNDER FED. R. CIV. P. 12(B)(6). ................................ 2

    II.  THE REMAINDER OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT PROPERLY NAME, NOR DID PLAINTIFF PROPERLY SERVE, BMMC OR ANY OTHER CORPORATE ENTITY UNDER FED. R. CIV. P. 4, 10 AND 12(B)(4). .................................................................. 4

        A.  The Remainder of the Complaint Must be Dismissed Because Plaintiff Failed to Name or Amend the Complaint to State a Claim Against BMMC under Fed. R. Civ. P. 10. .................................................................................... 4

        B.  The Remainder of Plaintiff's Complaint Must be Dismissed Because the Attempted Service on BMMC was Improper. ............................................................. 5

CONCLUSION ........................................................................................................................ 7

# **TABLE OF AUTHORITIES**

**P**AGE(S)

**C**ASES

*Allen v. Nat'l R.R. Passenger Corp. (Amtrak)*,
    2004 WL 2830629 (E.D. Pa. Dec. 7, 2004)..............................................................................4

*Ayres v. Jacobs & Crumplar*,
    99 F.3d 565 (3d Cir. 1996)......................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).................................................................................................................2

*Boggi v. Med. Review & Accrediting Council*,
    415 F. App'x 411 (3d Cir. 2011) .............................................................................................3

*Conley v. Gibson*,
    355 U.S. 41 (1957)...................................................................................................................2

*Dickerson v. Montgomery Cty. Dist. Atty's Office*,
    No. 04-4454, 2004 WL 2861869 (E.D. Pa. Dec. 10, 2004).....................................................5

*Emerson v. Thiel College*,
    296 F.3d 184 (3d Cir. 2002).....................................................................................................3

*Graham v. Rawley*,
    2015 WL 511196 (D.N.J. Feb. 6, 2015) ..................................................................................3

*Koslow v. Commonwealth of Pennsylvania*,
    302 F.3d 161 (3d Cir. 2002).....................................................................................................3

*Phillips v. Cnty. of Allegheny*,
    515 F.3d 224 (3d Cir. 2008).....................................................................................................3

*Savacool v. Fitzgerald Mercy Catholic Med. Ctr.*,
    No. CIV. A. 92-2142, 1992 WL 185611 (E.D. Pa. July 21, 1992)..........................................5

*Target Glob. Logistics Servs., Co. v. KVG, LLC*,
    No. 15-04960, 2015 WL 8014752 (E.D. Pa. Dec. 3, 2015).....................................................6

*Walker v. Walsh*,
    Civ. No. 11-1750, 2012 WL 1569629 (M.D. Pa. May 3, 2012)..............................................4

**R**ULES

Fed. R. Civ. P. 4.............................................................................................................................1

Fed. R. Civ. P. 4(a)(1)(A) ...................................................................................................... 6

Fed. R. Civ. P. 10 ................................................................................................................... 1

Fed. R. Civ. P. 10(a) ........................................................................................................... 1, 4

Fed. R. Civ. P. 10(b) .............................................................................................................. 2

Fed. R. Civ. P. 12(b)(4) .................................................................................................. 1, 5, 6

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1

**STATUTES**

42 U.S.C. § 12112, et seq ...................................................................................................... 1

**OTHER AUTHORITIES**

27 Fed. Proc. L.Ed § 62:101 (2004) ..................................................................................... 4

## **PRELIMINARY STATEMENT**

Defendants Aashna Choudhary, Patricia Henderson, and Elizabeth Brezinski (hereinafter referred to collectively as the "Individual Defendants") respectfully request that the Court dismiss the Complaint against the Individual Defendants pursuant to Fed. R. Civ. P. 12(b)(6). In addition, Building Materials Manufacturing Corporation ("BMMC"), improperly pled as GAF, respectfully requests that the Court dismiss the balance of the Complaint for failure to comply with Fed. R. Civ. P. 4, 10(a) or Fed. R. Civ. P. 12(b)(4) because Plaintiff failed to name or properly serve any corporate defendant.

Plaintiff's Complaint fails to state a valid claim for relief against the Individual Defendants because individual co-workers and supervisors are not "employers" within the meaning of the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. § 12112, et seq. ("ADA"). Therefore, individuals cannot be held personally liable under the ADA as a matter of law. The Complaint must be dismissed as to the Individual Defendants.

In addition, the Complaint Plaintiff filed to commence this action did not name any corporate defendant at all. (*See* ECF No. 1, "Filed Complaint"). Plaintiff has never filed an amended complaint, nor did she name any corporate defendant in any of her pleadings. Nevertheless, she filed a Proof of Service alleging that she served an entity called "GAF." As discussed below, Plaintiff's inadequate "service" consisted of handwriting the letters "GAF" on the Complaint and delivering the summons. This is clearly improper. Therefore, Plaintiff failed to name a defendant in violation of Fed. R. Civ. P. 10 and has failed to properly serve any corporate defendant, in violation of Fed. R. Civ. P. 12(b)(4), and the case should be dismissed in its entirety.

## BACKGROUND

The sole claim Plaintiff asserts is alleged violation of the ADA by all Defendants. On February 8, 2019, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). *See* ECF No. 1, at p. 12.[1] On June 12, 2019, the EEOC issued its Dismissal and Notice of Rights for Plaintiff's EEOC Charge. *Id.* at p.11. On or about August 21, 2019 Plaintiff filed this lawsuit against the Individual Defendants listed in Section I(B) of the Filed Complaint, alleging discrimination and failure to accommodate under the ADA. *Id.* at p. 2-3.

Plaintiff served copies of the summons and Complaint on Defendant Choudhary on January 30, 2020, and Defendants Henderson and Brezinski on February 2, 2020. (*See* ECF No. 10). On January 31, 2020, BMMC received via hand delivery a copy of the summons and what appeared to be the Complaint with "GAF" hand-written as Defendant No. 4 in Section I(B) of the Complaint. *See* Peter O. Hughes Certification, Exhibit A; ECF No. 10. This version of the Complaint is not filed on ECF, nor has any other document been filed that properly names BMMC, or GAF, or any corporation for that matter, as a defendant.

## ARGUMENT

I. **PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS TO THE INDIVIDUAL DEFENDANTS BECAUSE IT FAILS TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED UNDER FED. R. CIV. P. 12(B)(6).**

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is proper where the moving party demonstrates that the plaintiff can prove no set of facts in support of her claim that would entitle her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). To survive a motion to dismiss, the plaintiff must plead "enough facts to state a claim for relief that is plausible on its face." *Bell*

---

[1] Plaintiff's Complaint does not comply with Fed. R. Civ. P. 10(b), as it fails to state allegations in numbered paragraphs, and therefore, Defendants refer to the Complaint by page number instead of paragraph number.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Defendants recognize that, in deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n. 7 (3d Cir. 2002). That said, the Court must dismiss the Complaint as to the Individual Defendants because even if the Court accepts each of Plaintiff's allegations as true – which Defendants expressly deny – the ADA does not provide for a cause of action against an individual.

Indeed, the ADA establishes a cause of action for an employee subjected to disability discrimination and retaliation by his or her "employer." *Koslow v. Commonwealth of Pennsylvania*, 302 F.3d 161, 177 (3d Cir. 2002). The Third Circuit has long held that individual employees – even supervisory employees – are not "employers" under the statute and, therefore, cannot be personally liable for alleged violations of the ADA. *See, e.g.*, *Boggi v. Med. Review & Accrediting Council*, 415 F. App'x 411, 414–15 (3d Cir. 2011) (holding that individual defendants cannot be sued in their individual capacities under the ADA); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002) (holding there is no individual liability under the ADA); *see also Graham v. Rawley*, 2015 WL 511196, at *3 (D.N.J. Feb. 6, 2015) ("[T]he ADA does not create private causes of action against individuals."). Therefore, the Court must dismiss all claims against the Individual Defendants because Plaintiff's Complaint fails to state a single legally cognizable cause of action against them.

## II. THE REMAINDER OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE IT DOES NOT PROPERLY NAME, NOR DID PLAINTIFF PROPERLY SERVE, BMMC OR ANY OTHER CORPORATE ENTITY UNDER FED. R. CIV. P. 4, 10 AND 12(B)(4).

### A. The Remainder of the Complaint Must be Dismissed Because Plaintiff Failed to Name or Amend the Complaint to State a Claim Against BMMC under Fed. R. Civ. P. 10.

Under Federal Rule of Civil Procedure 10(a), every complaint must include the name of each party to the action. Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. *The title of the complaint must name all the parties . . . .*") (emphasis added)); *see also* 27 Fed. Proc. L.Ed. § 62:101 (2004) ("The caption of the complaint must name . . . all of the defendants."). This Rule is necessary because "[c]ompliance . . . provides an accurate gauge as to whether a party is an official party to a lawsuit." *Allen v. Nat'l R.R. Passenger Corp., (Amtrak)*, 2004 WL 2830629, at *4 (E.D. Pa. Dec. 7, 2004). Further, "[t]he court lacks jurisdiction over a defendant not named in the complaint and who is thus not aware that the complaint should have been brought against him or her." 27 Fed. Proc. L.Ed. § 62:101 (2004).

Here, Plaintiff failed to properly name BMMC or any corporate entity as a defendant in the caption of the Complaint or in the list of defendants in the form complaint. Therefore, BMMC is not a party to the lawsuit per federal pleading rules. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . . ."). "[W]ithout an identification of the proper parties in the body of the complaint, [the Complaint] does not satisfy the Rule 10(a) identification requirement." *Walker v. Walsh*, Civ. No. 11-1750, 2012 WL 1569629, at *3 (M.D. Pa. May 3, 2012) (quoting *Amtrak*, 2004 WL 2830629, at *3). As such, Plaintiff should not be permitted to proceed with a complaint that plainly fails to properly identify BMMC. *Amtrak*, 2004 WL 2830629, at *4.

4

Nor does Plaintiff's apparent attempt to amend the Complaint by simply hand-writing the letters "GAF" on the document repair the deficiency or effectively amend the Complaint. However here, Plaintiff failed to file an amended Complaint with the Court, and merely handwrote the letters "GAF" on the Complaint – a tactic that has been expressly rejected by courts within the Third Circuit. *See, e.g.*, *Dickerson v. Montgomery Cty. Dist. Atty's Office*, No. 04-4454, 2004 WL 2861869, at *3 (E.D. Pa. Dec. 10, 2004) (holding that the plaintiff failed to comply with Fed. R. Civ. P. 10 where he attempted to name additional defendants "by typing their names and the words 'Amended Complaint' on the summons, [and] announcing his intention to sue them in his Response to Defendants' Motions to Dismiss"). As a result, Plaintiff's after-the-fact attempt to add "GAF" as a defendant without ever amending the Filed Complaint should be treated as a nullity.

The Rules of Civil Procedure are not to be freely ignored by *pro se* litigations. *See Savacool v. Fitzgerald Mercy Catholic Med. Ctr.*, No. CIV. A. 92-2142, 1992 WL 185611, at *2 (E.D. Pa. July 21, 1992) ("[T]he court must nonetheless insist that pro se litigants observe certain minimal pleading requirements as set forth in the Federal Rules of Civil Procedure. Among these minimal requirements is a complaint on which the caption indicates plainly all parties against whom a plaintiff seeks to proceed."). Indeed, the Federal Rules exist to ensure that plaintiffs provide defendants with adequate notice of the allegations against them to protect due process rights. Fundamental fairness warrants Plaintiff be held to these Rules. *See id.* Therefore, the remainder of Plaintiff's Complaint must be dismissed.

**B.     The Remainder of Plaintiff's Complaint Must be Dismissed Because the Attempted Service on BMMC was Improper.**

Even if the Court is to accept Plaintiff's Complaint as properly naming BMMC, the remainder of Plaintiff's Complaint must still be dismissed for improper service. Federal Rule of Civil Procedure 12(b)(4) provides for the dismissal of actions where there has been insufficient

5

process. *See* Fed. R. Civ. P. 12(b)(4). Indeed, in the absence of a summons, there is no mechanism for the Court to obtain jurisdiction over a party who has been sued, and no relief can be granted against a party who has not been properly summoned before the Court. *Ayres v. Jacobs & Crumplar*, 99 F.3d 565, 568-69 (3d Cir. 1996). ("The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case. The parties cannot waive a void summons."). A deficient summons cannot be waived because it is through the summons (and effective service of same) that this Court obtains jurisdiction over the party being sued. *Id.* at 569.

   Critical to the effective service of process is delivery of a complete summons and complaint. Plaintiff filed a Proof of Service alleging that she served an entity called "GAF." Here, like the Complaint, the summons does not properly name BMMC (or GAF). *See* Section II.A, *supra*; Fed. R. Civ. P. 4(a)(1)(A) ("A summons must . . . name the court and the parties; . . . ."). Further, because Plaintiff attempted to deliver a modified version of the Complaint to BMMC, rather than the Complaint filed on ECF, the contents of the summons and copy of the complaint are deficient, thus warranting dismissal under Rule 12(b)(4). *See Target Glob. Logistics Servs., Co. v. KVG, LLC*, No. 15-04960, 2015 WL 8014752, at *5 (E.D. Pa. Dec. 3, 2015) (reasoning this defense "concerns the form of the process rather than the manner or method of its service"). Therefore, Plaintiff failed to properly serve BMMC in accordance with the applicable Federal Rules and the Complaint must be dismissed for lack of process.

## **CONCLUSION**

For the reasons set forth herein, Defendants respectfully request that the Court dismiss the Complaint in its entirety for failure to state a claim upon which relief may be granted as to the Individual Defendants, and failure to properly name or effect service of process as to any other defendants.

                    Respectfully submitted,

                    **OGLETREE, DEAKINS, NASH,**
                    **SMOAK & STEWART, P.C.**
                    Attorneys for Defendants

                    By: *s/ Valerie L. Weiss*
                          Peter O. Hughes
                          Valerie L. Weiss

Dated: March 6, 2020

42020662.1