<u>**Not for Publication**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

KIMBERLY ANTHONY,

*Plaintiff*,

v.

AASHNA CHOUDARY, PATRICIA
HENDERSON, ELIZABETH BREZINSKI,
GAF,

*Defendants*,

Civil Action No. 19-cv-17074

<u>**OPINION**</u>

<u>**John Michael Vazquez, U.S.D.J.**</u>

## I.   INTRODUCTION

This matter arises out of Plaintiff Kimberly Anthony's Complaint, D.E.1, against Defendants Aashna Choudary, Patricia Henderson, Elizabeth Brezinski, and GAF (her former employer) asserting a claim under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 621 to 634 (the "ADA").  Plaintiff alleges she was terminated from GAF in violation of the ADA. Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court reviewed the parties' submissions in support and in opposition and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons stated below, Defendants' motion to dismiss is granted in part and denied in part.

## II.   BACKGROUND

### A.  Plaintiff's Allegations

Plaintiff alleges that her disability is her diagnoses with severe depression, anxiety, and bipolar disorder.  D.E. 1 at 4.  The alleged discriminatory act took place on July 17, 2018.  *Id.* at 1.  Plaintiff alleges the following discriminatory conduct: "termination of [] employment,"

"[f]ailure to accommodate [] disability," and "[u]nequal terms and conditions of [] employment." *Id*. at 4.  Plaintiff alleges that defendants are "not still committing the alleged acts against her."  *Id*.

GAF hired Plaintiff for the role of "Lead Accountant" on March 21, 2018.  *Id*. at 5.  Plaintiff alleges here supervisors, Defendants Brezinski and Henderson, were "intense and very critical of many employees in the [accounting] department" but for the months of March, April, and May 2018, Plaintiff was not informed of any performance issues.  *Id*.  Plaintiff states that in May 2018 a colleague was terminated "after being on a performance improvement plan for an extended time." *Id*.  Plaintiff also alleges that another of her colleagues was fired "the day she returned for disability leave."  *Id*.  Plaintiff alleges Defendant Brezinski told her that both colleagues would be fired before the firings occurred, adding that Defendant Brezinski "openly doubted the legitimacy" of one of the colleague's disabilities and "mocked" the colleague for "having her mother inform the department of her leave."  *Id*.  Defendant Brezinski also allegedly disclosed details of the colleague's medical condition to Plaintiff.  *Id*.

In June 2018, Plaintiff disclosed her disability to Defendant Choudary because Plaintiff was concerned that she would have a flare up.  *Id*.  Plaintiff has been diagnosed with depression, anxiety, and "bipolar II" since 2010.  *Id*. At the time, Plaintiff was unable to properly medicate due to breastfeeding and was struggling with postpartum depression.  *Id*.  Plaintiff further disclosed to Choudary that although she had been functioning well in the two to three years leading up to 2018 – with the aid of therapy – she was having a severe "flare up" of depression and anxiety after having a baby in 2017 and returning to work.  *Id*.  Plaintiff informed Choudary that she may need to take leave to "attend an Intensive Outpatient Program for [her] depression and anxiety."  *Id*. Choudary told Plaintiff that her health should be her number one priority.  *Id*.  Plaintiff expressed concern that she might be terminated after taking disability leave, as she alleges her colleague was.

*Id.* Choudary replied that Plaintiff's situation was different because she had no performance issues unlike the employee who had been terminated. *Id.* Plaintiff and Choudary allegedly met again and discussed the same topic, and Choudary again told Plaintiff that she did not "have to worry about any performance issues." *Id.*

Plaintiff alleges that she took disability leave on June 19, 2018 and that her medical provider completed an "Interactive Process" with GAF that outlined the potential length of Plaintiff's leave. *Id.* at 6.   Originally, Plaintiff's doctors said that Plaintiff would need a month of leave. *Id.* However, after spending more time with and observing Plaintiff, Plaintiff's physician communicated that Plaintiff would need several months of leave. *Id.* Plaintiff claims that, had she known her job was in jeopardy, she would have attempted to return to work earlier. *Id.* When Plaintiff's doctor informed GAF of the additional time needed for leave, GAF allegedly emailed Plaintiff that her position was being "opened for new applicants" and that Plaintiff's absence created an "undue burden" for the business. *Id.* GAF never elaborated on the undue burden that Plaintiff's absence was causing, and Plaintiff had reason to believe that the department was overstaffed at the time. *Id.* Plaintiff completed treatment "in November or December." *Id.* At that time, GAF told Plaintiff that they had replaced her position in August and then removed her position entirely in October. *Id.* Prior to her leave, Plaintiff claims that Defendants Brezinski and Henderson had informed her she would be promoted to "Accounting Manager." *Id.*

Plaintiff alleges that although GAF – in response to Plaintiff's Equal Employment Opportunity Commission ("EEOC") complaint – now claims Plaintiff suffered from performance issues and was set to be placed on a performance improvement plan before her leave, Plaintiff was never informed about issues with her performance. *Id.* Plaintiff alleges the only negative feedback that she received was non-substantive, such as comments that she should say "hi" more and that

she should be at her desk more.  *Id*.  Plaintiff asserts that she has been injured in the amount of

$175,000 based on her lost salary and benefits.  *Id*. at 9.

### B.  Procedural History

Plaintiff filed a charge with EEOC regarding Defendants' alleged discriminatory conduct

on December 21, 2018.  D.E. 1 at 8.  EEOC issued a notice of right to sue letter on June 12, 2019.

*Id*.  Plaintiff filed the Complaint on August 21, 2019 along with an application to proceed *in forma*

*pauperis*.  D.E. 1.  The Court denied that application on October 28, 2019.  D.E. 2.  On March 6,

2020, Defendants moved to dismiss the complaint.  D.E. 11.  Plaintiff filed her opposition on

March 18, 2020.  D.E. 14.  Defendant replied on May 14, 2020.  D.E. 15.

### III.    STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits a defendant to move to

dismiss a count for "failure to state a claim upon which relief can be granted[.]"  To withstand a

motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to

relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A

complaint is plausible on its face when there is enough factual content "that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009).  Although the plausibility standard "does not impose a probability

requirement, it does require a pleading to show more than a sheer possibility that a defendant has

acted unlawfully."  *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal

quotation marks and citations omitted).  As a result, a plaintiff must "allege sufficient facts to raise

a reasonable expectation that discovery will uncover proof of [his] claims."  *Id*. at 789.

In evaluating the sufficiency of a complaint, a district court must accept all well-pleaded

factual allegations in the complaint as true and draw all reasonable inferences in favor of the

plaintiff. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). A court, however, is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007). If, after viewing the allegations in the complaint most favorable to the plaintiff, it appears that no relief could be granted under any set of facts consistent with the allegations, a court may dismiss the complaint for failure to state a claim. *DeFazio v. Leading Edge Recovery Sols.*, 2010 WL 5146765, at *1 (D.N.J. Dec. 13, 2010).

In addition, because Plaintiff is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010) (citing *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997)).

## IV.     ANALYSIS

### A.  Plaintiff's Claim Against the Individual Defendants

Defendants argue that Plaintiff's complaint should be dismissed as against the individual Defendants – Defendants Choudary, Henderson, Brezinski – because they are not "employers" within the meaning of the ADA. D.E. 11-1 at 3 (citing *Boggi v. Med. Review & Accrediting Council*, 415 F. App'x 411, 414–15 (3d Cir. 2011); *Emerson v. Thiel College*, 296 F.3d 184, 190 (3d Cir. 2002); *Graham v. Rawley*, 2015 WL 511196, at *3 (D.N.J. Feb. 6, 2015)). Plaintiff does not respond to Defendants' arguments about whether the employee Defendants can properly be sued under the ADA. *See generally* D.E. 14.

Although the Third Circuit has not ruled definitively as to the existence of individual liability under Title V of the ADA, several courts in this circuit have "reasoned that ADA claims arising under Title I and Title V, for a retaliation claim arising out of an employment relationship should be interpreted in accordance with Title VII of the Civil Rights Act, which prohibits individual liability." *Rich v. New Jersey*, No. CIV.A. 14-2075 FLW, 2015 WL 2226029, at *15 (D.N.J. May 12, 2015) (citing *N'Jai v. Floyd*, 386 F. App'x 141, 144 (3d Cir. 2010); *Boggi v. Med. Review & Accrediting Council*, 415 F. App'x 411, 414 (3d Cir. 2011) (affirming dismissal of the plaintiff's ADA claim against "non-entity defendants sued in their individual capacities" based on the district court's conclusion that "the overwhelming authority on this issue has concluded that no such individual liability exists" under the ADA. (internal quotation marks omitted)); *see also LeJon-Twin El v. Marino*, No. 16-2292, 2017 WL 592232, at *3 n.2 (D.N.J. Feb. 14, 2017) ("The Third Circuit has long held that Title VII liability attaches to employers, not to individual supervisory employees."). In light of these decisions, the Court is persuaded that Plaintiff cannot maintain her ADA claim against the individual Defendants. Plaintiff's claims against Defendants Aashna Choudary, Patricia Henderson, and Elizabeth Brezinski are dismissed.

### B. Plaintiff's Claim Against GAF

Defendants also argue that Plaintiff failed to properly name her former employer, Building Materials Manufacturing Corporation ("BMMC"), under Federal Rule of Civil Procedure 10(a). D.E. 11-1 (arguing "every complaint must include the name of each party to the action.")). Defendants contend that Plaintiff improperly pled BMMC as GAF. Plaintiff argues that "GAF" appears in the caption of the Complaint and further responds that she used the name "most commonly used for the company headquartered in Parsippany NJ" where she was employed. *Id.* at 1-2. Plaintiff further contends that BMMC does business as "GAF Materials" in New Jersey.

*Id.*  However, the Court may not consider Plaintiff's arguments in her opposition which attempt to add more specificity to the Complaint's reference to GAF because "a complaint cannot be amended (or supplemented) by way of an opposition brief."  *Swift v. Pandey*, No. CIV.A. 13-649 JLL, 2013 WL 6022093, at *2 (D.N.J. Nov. 13, 2013) (citing *Pennsylvania ex rel. v. Zimmerman v. Pepsico,* 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.")).

Federal Rule of Civil Procedure 10(a) provides:

> Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Fed. R. Civ. P. 10(a).  Defendants argue that Plaintiff failed "to properly name BMMC or any corporate entity as a defendant in the caption of the Complaint or in the list of defendants in the form complaint."  D.E. 11-1 at 4.  However, the caption of the Complaint names "GAF" as a Defendant.  D.E. 1 at 1.  The Complaint goes further to identify GAF as Plaintiff's employer, *id.* at 3, list GAF's address, *id.*, identify several other employees who worked at GAF and their titles, *see e.g.*, *id.* at 5, and the period during which the alleged unlawful conduct took place at GAF. Plaintiff's complaint named an entity in the caption in compliance with Fed. R. Civ. P. 10(a) and provided sufficient information to BMMC to put it on notice of Plaintiff's claim against it.  In addition, BMMC has not argued that this misnaming has somehow unfairly prejudiced it – nor could it, since BMMC timely filed a pleading responsive to Plaintiff's Complaint, *see* D.E. 11. Accordingly, the Court will not dismiss the Complaint because Defendant misnamed BMMC as GAF.  *See Spero v. Helge*, No. CIV.A.02-5226, 2004 WL 5709578, at *16 n. 22 (D.N.J. July 21, 2004) ("Despite the fact that [p]laintiffs mistakenly named the 'Monroe Township First Aid Squad' as a defendant in this lawsuit, the MAS had notice that *it* was the entity being sued and

suffered no prejudice on account of Plaintiffs' mistake . . . The court would not dismiss the claims against the Squad merely because Plaintiffs referred to it by the wrong name in the Complaint." (citing *Kroetz v. AFT-Davidson Co.*, 102 F.R.D. 934, 937 (E.D.N.Y. 1984)).

The Court finds Defendants' cases inapplicable.  In *Allen v. Nat'l R.R. Passenger Corp., (Amtrak)*, No. CIV.A.03-CV-3497, 2004 WL 2830629, at *4 (E.D. Pa. Dec. 7, 2004), it was undisputed that the caption and body of the original complaint failed to name four of the plaintiffs. The *Allen* court rejected the plaintiff's contention that the "et al." designation in the caption of the complaint – without more – sufficiently named the plaintiffs to the original complaint.  *Id*. at *3. *Allen* is distinguishable from the facts here because, in addition to naming an entity in the caption, the Complaint provides specific facts to further identify the intended Defendant – Plaintiff's former employer.  Defendants' reliance on *Walker v. Walsh*, No. 3:11-CV-1750, 2012 WL 1569629, at *3 (M.D. Pa. May 3, 2012) is misplaced for the same reason. In dismissing the complaint, the *Walker* court concluded "that [p]laintiff failed to even name" two of the defendants in the caption and instead referenced them through an "et al." designation.  *Id*.  The court therefore reasoned that "[t]he designation of 'et al' in a complaint's caption, without an identification of the proper parties in the body of the complaint, does not satisfy the Rule 10(a) identification requirement."  *Id*. Plaintiff's Complaint goes much further in identifying her former employer as a Defendant than the complaints in *Walker* and *Allen*.

The Court denies Defendant's motion to dismiss based on Plaintiff's misnaming of GAF as a Defendant instead of BMMC.  However, because the Court is dismissing the individual Defendants in this case and granting Plaintiff leave to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff should amend the caption to properly reference BMMC

as a Defendant.  Plaintiff is free to name BMMC and, if appropriate, note that it conducts business as GAF.

### C.  Plaintiff's Summons

Defendants next contend that the Complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(4) because the summons Plaintiff served on BMMC was defective.  The Court notes that Plaintiff filed an affidavit of service from the Morris County Sheriff's Office, attesting that the summons was served on "GAF Legal Department, 1 Campus Drive, Parsippany, NJ 07054" on February 3, 2020.  D.E. 10 at 9.  BMMC's counsel admits BMMC received the summons on January 31, 2020, D.E. 11-2 ¶ 3, and Defendants' motion to dismiss does not challenge the method of service.  However, Defendant claims that the service was ineffective because the summons named GAF instead of BMMC and because the Complaint that Plaintiff served was modified with Plaintiff's handwriting.  D.E. 11-1 at 5-6.

First, *Target Glob. Logistics Servs., Co. v. KVG, LLC*, No. 5:15-CV-04960, 2015 WL 8014752, at *6 (E.D. Pa. Dec. 3, 2015) does not support the proposition for which Defendants cite it.  *See* D.E. 11-1 at 6.  Defendants contend that the Complaint should be dismissed because "Plaintiff attempted to deliver a modified version of the Complaint to BMMC, rather than the Complaint filed on ECF."  *Id*.  But in *Target*, the Court denied the defendant's motion to dismiss based on Federal Rule of Civil Procedure 12(b)(4).  *Target Glob. Logistics Servs., Co.*, 2015 WL 8014752, at *5.  In *Target*, the defendant moved to dismiss the action under Rule 12(b)(4) because the plaintiff's complaint incorrectly stated that the action was pending in the Middle District of Pennsylvania instead of the Eastern District of Pennsylvania.  *Id*.  The court denied the motion to dismiss because the defendant's issue was "with the caption of the [c]omplaint, not the contents of the summons."  *Id*.  The court further reasoned that "a defective caption is merely [a] formal

error and should never be viewed as a fatal defect" and reasoned that the proper approach was to permit the plaintiff "leave to file an amended complaint to correct the error in the caption, not to dismiss the action." *Id*. Like the defendants in *Target*, Defendants here claim the summons was defective because Plaintiff made a handwritten addition to the Complaint it served on GAF. *See* D.E. 11-2 ¶ 3 (describing the complaint served at the offices of BMMC on January 31, 2020 which differed "from the version filed as ECF No. 1, as there is handwriting of the letters 'GAF' as Defendant No.4 in Section I(B) of the Complaint."). In other words, Defendants' issue is with the Complaint, "not the contents of the summons." *See Target Glob. Logistics Servs., Co.*, 2015 WL 8014752, at *5. As in *Target*, the Court denies Defendant's motion to dismiss under Federal Rule of Civil Procedure 12(b)(4). The Court finds that the summons accurately names the Court and the parties to the action as they are named in the Complaint, *see* D.E. 10. Accordingly, Defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(4) is denied.

## V.    CONCLUSION

Defendants' motion to dismiss, D.E. 11, is granted in part and denied in part. An appropriate Order accompanies this Opinion.

Dated: December 2, 2020

_____
John Michael Vazquez, U.S.D.J.